**PRERAK SHAH**
Deputy Assistant Attorney General
Environment and Natural Resources Division
**MICHAEL S. SAWYER**
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
4 Constitution Square
150 M St. NE
Washington, DC 2002
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| MADELINE DURAND, et al., <br>     *Plaintiffs*, <br><br> vs. <br><br> DAVID BERNHARDT, et al., <br>     *Defendants*. | Case No. 1:20-cv-00338-CRC <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Pursuant to Fed. R. Civ. P. 8(b), Defendants David Bernhardt, in his official capacity as Secretary of the Interior; U.S. Department of the Interior; Interior Board of Land Appeals ("IBLA"); and the Bureau of Land Management (collectively, "Defendants") hereby file this Answer to respond to the Complaint for Judicial Review ("Complaint") (Dkt. #1). Each of the numbered paragraphs in this Answer correspond to, and respond to the allegations in**,** the paragraph of the same number as denominated in the Complaint.

## I. INTRODUCTION

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterization of their action and a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

2.      The allegations in Paragraph 2 consist of Plaintiffs' characterization of their action to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

3.      The allegations in Paragraph 3 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

4.      The allegations in Paragraph 4 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## II. JURISDICTION AND VENUE

5.      The allegations in the first sentence of Paragraph 5 consist of Plaintiffs' characterization of this case, to which no response is required.  To the extent a response is required, Defendants admit that the cited IBLA opinion was entered on June 6, 2016, and deny the remaining allegations in the first sentence of this paragraph.  The remaining allegations of this paragraph purport to quote and characterize an IBLA Opinion and BLM Decisions (Exhibits 1-3 to Plaintiffs' Complaint), which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with those opinion and decisions' plain language, context or meaning.

6.      The allegations in Paragraph 6 consist of legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

8.      The allegations in Paragraph 8 consist of legal conclusions to which no response is required.

9.      The allegations in Paragraph 9 consist of legal conclusions to which no response is required.

10.     The allegations in Paragraph 10 consist of legal conclusions to which no response is required.

11.     The allegations in Paragraph 11 consist of legal conclusions to which no response is required.

12.     The allegations in Paragraph 12 consist of legal conclusions to which no response is required.

### III. PARTIES

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and deny them on that basis.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and deny them on that basis.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and deny them on that basis.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.     Defendants admit that David Bernhardt is the Secretary of the Interior.  The remaining allegations of Paragraph 17 consist of a characterization of Plaintiffs' case to which no response is required.

18.     Defendants admit that the Department of the Interior is a Federal agency, and aver that it is part of the executive branch of government.

19.     The allegations in Paragraph 19 characterize a federal regulation, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the regulation's plain language, meaning, and context.

20.     Defendants admit that the Bureau of Land Management is an agency within the Department of the Interior with responsibility for management of public lands.  The remaining allegations in the first sentence of Paragraph 20 characterize a federal statute, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations in the first sentence of Paragraph 20 contrary to the statute's plain language, meaning, and context.  Defendants admit that BLM issued a Decision that Plaintiffs appealed to the Interior Board of Land Appeals.  The remaining allegations in the second sentence of Paragraph 20 consist of Plaintiffs' characterization of their case, to which no response is required.

## IV. STATUTORY AND CONSTITUTIONAL BACKGROUND

21.     The allegations in Paragraph 21 characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the APA's plain language, meaning and context.

22.     The allegations in Paragraph 22 purport to characterize and quote the APA and a U.S. Supreme Court opinion, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations contrary to the APA or Supreme Court case's plain language, meaning and context.

23.     The allegations in Paragraph 23 purport to characterize and quote a federal court opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the federal court opinion's plain language, meaning and context.

24.     The allegations in Paragraph 24 purport to characterize and quote a U.S. Supreme Court opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the U.S. Supreme Court opinion's plain language, meaning and context.

25.     The allegations in Paragraph 25 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

26.     The BLM admits that Plaintiffs filed location notices for the Sierra Lady Mining Claims with the BLM in 1993, that the Sierra Lady Mining Claims are on public lands managed by BLM that have not been withdrawn from operation of the Mining Law, that mining claim maintenance fees or small miner waivers for the Sierra Lady Mining Claims were filed with the BLM through 2015, and that Plaintiffs continue to file small miner waivers notwithstanding BLM's decision closing 28 of the 30 Sierra Lady Mining Claims.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 and deny them on that basis.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

34.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and deny them on that basis.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and deny them on that basis.

37.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 37 and deny them on that basis.  As to the allegations in the second sentence of Paragraph 37, Defendants admit that the

attorney for Cal Minerals, Blair Will, provided BLM with the 1999 Judgment on May 7, 2015. The remaining allegations in the second sentence of Paragraph 37 characterize correspondence with BLM that speaks for itself and is the best evidence of its own contents. Defendants deny any allegations in the second sentence of Paragraph 37 contrary to the plain language, meaning and context of the written correspondence.

38.     The allegations in Paragraph 38 characterize filings before the IBLA that speak for themselves and are the best evidence of their own contents. Defendants deny any allegations contrary to the plain language, meaning and context of those filings.

39.     The allegations in Paragraph 29 characterize the BLM's July 30, 2015, Decision and August 27, 2015, modification of that decision, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations in Paragraph 39 contrary to the plain language, meaning and context of the BLM July 30, 2015 decision and August 27, 2015 modification.

40.     The allegations in the first sentence of Paragraph 40 characterizes the 2015 BLM Decision and June 6, 2016, IBLA Decision, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations in the first sentence of Paragraph 40 contrary to the plain language, meaning and context of the BLM and IBLA decisions. In response to the second sentence of Paragraph 40, Defendants admit that that neither Arif nor Earthco filed the 1999 Judgment with the BLM, and Defendants aver that counsel for Cal Minerals provided the Judgment to BLM in 2015. The remaining allegations in the second sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

## GENERAL ALLEGATIONS

42.     The allegations of Paragraph 42 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

43.     The allegations in Paragraph 43 consist of Plaintiffs' characterization of their action and a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied. To the extent the allegations of Paragraph 43 characterize Plaintiffs' Complaint, that document speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the Complaint.

44.     The allegations of Paragraph 44 characterize BLM filings before the IBLA and the IBLA's June 6, 2016, Opinion, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM filings or IBLA Opinion.

45.     The allegations of Paragraph 45 characterize the IBLA's Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  The allegation that IBLA's Opinion is "unsupported" consists of a characterization of Plaintiffs' action and a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

46.     The allegation in the first sentence of Paragraph 46 consists of a legal conclusion to which no response is required.  To the extent a response is required, that allegation is denied.

The allegations in the second sentence of Paragraph 46 characterize a California statute, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of that statute.  The allegations in the third sentence of Paragraph 46 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence of this paragraph.  The allegations in the fourth sentence of Paragraph 46 characterize the BLM Decision and IBLA Opinion, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM Decision or IBLA Opinion.

47.     The allegations in the first sentence of Paragraph 47 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  Defendants deny the allegations in the second sentence of Paragraph 47.  The allegations in the third sentence of Paragraph 48 purport to characterize U.S. Supreme Court case law, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of U.S Supreme Court case law.

48.     Defendants deny the allegations in Paragraph 48.

## FIRST CLAIM FOR RELIEF

(The allegations contained in the subheading under "First Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

49.     Paragraph 49 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-48 herein by reference.

50.     The allegations in Paragraph 50 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

51.     The allegations in Paragraph 51 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

52.     The allegations in the first sentence of Paragraph 52 purport to characterize and quote the IBLA Opinion, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  The remaining allegations in Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

53.     The allegations in Paragraph 53 purport to quote and characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

54.     The allegations in Paragraph 54 purport to quote and characterize federal statutes, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of those statute.

55.     The allegations in Paragraph 55 purport to quote and characterize the 1999 Judgment, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the 1999 Judgment.

56.     The allegations in Paragraph 56 characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited case.

57.     The allegations in Paragraph 57 purport to quote and characterize the California Code of Civil Procedure, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited Code.

58.     The allegations in Paragraph 58 purport to quote and characterize the California Code of Civil Procedure, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited Code.

59.     The allegations in Paragraph 59 purport to quote and characterize the California Code of Civil Procedure, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited Code.

60.     The allegations in Paragraph 60 purport to quote and characterize the California Code of Civil Procedure, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited Code.

61.     The allegations in Paragraph 61 consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

62.     The allegations in the first sentence of Paragraph 62 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  The allegations of the second sentence of Paragraph 62 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

63.     The allegations in Paragraph 63 purport to quote and characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

64.     The allegations in Paragraph 64 purport to quote and characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

65.     The allegations in Paragraph 65 partly characterize the 1999 Judgment, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the 1999 Judgment.  The remaining allegations consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny those allegations.

66.     The allegations in Paragraph 66 characterize a document received under a FOIA request, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited record.

67.     The allegations in Paragraph 67 characterize a BLM filing before the IBLA, which filing speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited filing.

68.     The allegations in Paragraph 68 characterize a definition in Black's Law Dictionary (Sixth Edition), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited definition.

69.     The allegations in Paragraph 69 characterize a definition in Black's Law Dictionary (Sixth Edition), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited definition.

70.     The allegations in Paragraph 70 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

71.     The allegations in Paragraph 71 consist of Plaintiffs' characterization of their ac and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

72.     Defendants deny the allegations in Paragraph 72

73.     Defendants deny the allegations in Paragraph 73.

## **SECOND CLAIM FOR RELIEF**

(The allegations contained in the subheading under "Second Claim for Relief" consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.)

74.     Paragraph 74 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-73 herein by reference.

75.     The allegations in Paragraph 75 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegation contrary to the plain language, meaning, and context of the IBLA Opinion.

76.     The allegations in the first sentence of Paragraph 76 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. To the extent the second sentence of Paragraph 76 purport to quote and characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents, Defendants deny any allegation contrary to the plain language, meaning, and context of the IBLA Opinion. Defendants deny any remaining allegations of this Paragraph.

77.     The allegations in Paragraph 77 characterize a California state court opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited opinion.

78.     Defendants deny the allegations in Paragraph 78.

79.     The allegations in the first sentence of Paragraph 79 purport to characterize and quote the IBLA Opinion, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  Defendants deny the allegations in the second sentence of Paragraph 79.

80.     To the extent Paragraph 80 characterizes the IBLA Opinion, which speaks for itself and is the best evidence of its own contents, Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  Defendants deny that the IBLA

engaged in "deliberate misrepresentation" of a case.  Defendants deny the remaining allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

(The allegations contained in the subheading under "Third Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

81.    Paragraph 81 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-80 herein by reference.

82.    The allegations in Paragraph 82 characterize a BLM filing in the IBLA appeal, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM filing.

83.    Defendants deny the allegation that BLM "fraudulently misquoted" case law.  The remaining allegations purport to quote and characterize a BLM filing before the IBLA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM filing.

84.    Defendants deny the allegation that BLM "fraudulently relies" on case law.  The remaining allegations purport to quote and characterize a BLM filing before the IBLA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM filing.

85.    The allegations in Paragraph 85 characterize an IBLA ruling, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited IBLA ruling.

86.     The allegations in Paragraph 86 characterize an IBLA ruling, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited IBLA ruling.

87.     The allegations in the first sentence of Paragraph 87 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 85.  Defendants deny the allegations in the second sentence of Paragraph 87.

## FOURTH CLAIM FOR RELIEF

(The allegations contained in the subheading under "Fourth Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

88.     Paragraph 88 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-87 herein by reference.

89.     The allegations in Paragraph 89 purport to quote and characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

90.     The allegations in Paragraph 90 characterize a definition in Black's Law Dictionary (Sixth Edition), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the cited definition.

91.     The allegations in Paragraph 91 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.

92.     The first sentence of Paragraph 92 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of this sentence. The allegations in the second sentence of Paragraph 92 characterize a California statute, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the cited statute.

93.     Defendants deny the allegations in Paragraph 93.

## FIFTH CLAIM FOR RELIEF

(The allegations contained in the subheading under "Second Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

94.     Paragraph 94 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-93 herein by reference.

95.     The allegations in the first sentence of Paragraph 95 characterize the IBLA Opinion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the IBLA Opinion.  The allegations in the second sentence of Paragraph 95 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

96.     The allegations in Paragraph 96 characterize the California Code of Civil Procedure, which speaks for itself and is the best evidence of its own contents.  Defendants deny

any allegations contrary to the plain language, meaning, and context of the cited code. Defendants admit that the Durands located the Sierra Lady Mining Claims on public lands in 1993.  The remaining allegations in the second sentence of Paragraph 96 consist of Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third, fourth and fifth sentences in Paragraph 96, and deny them on that basis.  The allegations in the sixth sentence of Paragraph 96 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the sixth sentence of this paragraph.

97.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in Paragraph 97, and deny them on that basis.  The allegations in the second sentence of Paragraph 97 characterize the 1999 Judgment, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the 1999 Judgment.

98.     The allegations in the first sentence of Paragraph 98 characterize state court litigation, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the State Court litigation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 98, and deny them on that basis.

99.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and deny them on that basis.

100.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100, and deny them on that basis.

101.    The allegations in Paragraph 101 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

102.    The allegations in Paragraph 102 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

103.    The allegations in the first sentence of Paragraph 103 characterize the BLM Decision and IBLA Opinion, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the BLM Decision or IBLA Opinion.  The allegations in the second sentence of Paragraph 103 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

## SIXTH CLAIM FOR RELIEF

(The allegations contained in the subheading under "Sixth Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

104.    Paragraph 104 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-103 herein by reference.

105.    The allegations in Paragraph 105 characterize a document received under a FOIA request, which document speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the referenced document.

106.    The allegations in the first sentence of Paragraph 106 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 106 characterize a federal statute, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations contrary to the plain language, meaning, and context of the statute.

107.    Defendants deny the allegations in Paragraph 107.

## SEVENTH CLAIM FOR RELIEF

 (The allegations contained in the subheading under "Seventh Claim for Relief" consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.)

108.    Paragraph 108 incorporates the preceding paragraphs of the Complaint and therefore requires no response.  To the extent a response is required, Defendants incorporate their responses to all of the allegations in Paragraphs 1-107 herein by reference.

109.    Defendants deny that BLM closed the 28 Sierra Lady Mining Claims in August 2018, and aver that the BLM issued a decision on July 30, 2015, to close those claims. Defendants further deny that BLM failed to provide notice it was closing the Sierra Lady Claims and aver that Plaintiffs were notified of the closure through the 2015 decision, which decision they then appealed to the Interior Board of Land Appeals.

110.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 110, and deny them on that basis. Defendants admit the allegations in the second and third sentences of Paragraph 110.

111.    The allegations in Paragraph 111 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## **PRAYER FOR RELIEF**

The allegations in Paragraphs 1-6 under the heading "Prayer for Relief" consist of Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## **GENERAL DENIAL**

Defendants deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## **AFFIRMATIVE DEFENSES**

a.  Some or all of the claims in the Complaint fail to state a claim upon which relief can be granted.

b.  This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims because Plaintiffs lack standing to bring some or all of their claims.

c.  Some or all of Plaintiffs' claims are not ripe for review.

d.  Some or all of Plaintiffs' claims are barred by the statute of limitations.

e.  Some or all of Plaintiffs' claims purport to challenge an agency action that is not final under the APA, 5 U.S.C. § 704.

f.  Some or all of Plaintiffs' claims are barred to the extent they have been waived.

g.  Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against Plaintiffs, dismiss the Complaint against the Defendants, deny all of Plaintiffs' claims for relief and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted this 24th day of April.

PRERAK SHAH
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Michael S. Sawyer*
MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
4 Constitution Square
150 M St. NE
Washington, DC 2002
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov